Sarah Emmons, etc., *v.* Jas. P. Ringo, etc.

**Infants—Judgment Against—Defense.**

A judgment can not properly be rendered against an infant until after a defense has been made by a guardian.

APPEAL FROM FLEMING CIRCUIT COURT.

April 7, 1873.

Opinion by Judge Peters:

Although a guardian *ad litem* was appointed for part of the infant defendants, no answer is found in the record for them, besides

for Jane Emmons, who is sued as an infant defendant, no guardian *ad litem* was appointed, and no guardian answered for her. Sec. 55, Civil Code, provides: The defense of an infant must be by his regular guardian, or by a guardian to defend for him, where no regular guardian appears, or where the court directs a defense by a guardian appointed for that purpose. No judgment can be rendered against an infant until after a defense by a guardian. And this court has frequently held that unless defense is made as required by Sec. 55, *supra*, a judgment against infants will be reversed. But there is still a more radical error in the judgment than that. Before the court below should have adjudged a sale of the land, he should have caused so much thereof as would not exceed one thousand dollars in value to be selected by the widow of intestate to be valued under oath and be set apart to her by two disinterested housekeepers of the county, not related to either party, the master to act as umpire, and required the valuation to be made to be in writing and returned to court. Myer's Supp., 714, 15.

In the judgment complained of the homestead law was disregarded and only dower was allotted to the widow in the land of her deceased husband which was prejudicial to her; dower and homestead to be both included to be of the value of one thousand dollars. The administrator in the original petition asks that dower and a homestead be set apart to the widow, which dispenses with the allegation that she was a white woman—even if that were necessary.

Wherefore the judgment is reversed and the cause remanded with directions to set aside the sale and for further proceedings consistent with this opinion.

*Cord, for appellants.*

*Andrews, Pluster, for appellees.*